

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE ANTHONY DAVIS,<br>Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT<br>PAUL J. STOWITZKY, et al.,<br>Respondents. | :<br>: | NO. 07-2908 |



FILED

MAY 29 2008

MICHA... ..., Clerk
By_____ Dep. Clerk

REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

      Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Mercer, in Mercer, Pennsylvania. For the reasons which follow, it is recommended that the petition be denied and dismissed.

I.      PROCEDURAL HISTORY

      On June 4, 2004, petitioner entered nolo contendere pleas to the charges of robbery of a motor vehicle and attempted robbery of a motor vehicle before the Honorable Robert L. Steinberg of the Leigh County Court of Common Pleas. Specifically, petitioner perpetrated two carjackings. Petitioner was sentenced to a term of four to eight years imprisonment for robbery of a motor vehicle and a consecutive term of six to twelve years imprisonment for attempted robbery of a motor vehicle.

      Petitioner filed a petition for reconsideration of sentence, which was denied on August 2, 2004. Petitioner filed a petition for collateral relief under the Post Conviction Relief

1

Act (PCRA), 42 Pa. C.S. § 9541, et seq., on November 29, 2004. Counsel was appointed. Counsel filed an amended PCRA petition on February 16, 2005. The amended PCRA petition claimed that petitioner's trial counsel was ineffective for: 1) coercing petitioner into entering a plea with a promise of leniency when petitioner was not guilty, and, 2) failing to file a notice of appeal. The PCRA court held a hearing on May 10, 2005. Petitioner requested that the PCRA petition be withdrawn. The PCRA court subsequently dismissed petitioner's PCRA petition.

Petitioner filed a second PCRA petition on June 13, 2005. The PCRA court held a hearing on September 20, 2005. Petitioner's second PCRA petition was denied on September 28, 2005. The PCRA court found petitioner had waived the claims raised in the second PCRA petition. On October 27, 2005, petitioner filed a notice of appeal to the Superior Court. The Superior Court denied petitioner's appeal. Petitioner's request for allowance of appeal to the Pennsylvania Supreme Court was denied on November 28, 2006.

On September 21, 2007, petitioner filed the instant petition seeking habeas corpus relief claiming:

(1) Pretrial counsel was ineffective; and

(2) The PCRA court erred in finding petitioner's claims were waived in the second PCRA petition.

Respondents contend that petitioner's claims are procedurally defaulted, as the claims were not properly presented in state court and cannot be presented there now. We agree that procedural default is established in regard to petitioner's first claim. However, we find petitioner's second claim is not a cognizable federal habeas claim and must be dismissed as discussed hereafter.

2

II.     PROCEDURAL DEFAULT

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845. A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which burden demands, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983). In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise they risk depriving the state courts of the "opportunity to correct their own errors, if any." Toulson v. Beyer, 987 F.2d 984, 989 (3rd Cir. 1993).

However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred...there is procedural default for the purpose of federal habeas..." Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, reh'g denied, 501 U.S. 1277, 112 S. Ct. 27 (1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3rd Cir. 1999). The procedural default barrier also precludes federal courts from reviewing a state petitioner's federal claims if the state court decision is based on a violation of state procedural

3

law that is independent of the federal question and adequate to support the judgment. Coleman, 501 U.S. at 729. "In the context of direct review of a state court judgment, [this] doctrine is jurisdictional... [because] this Court has no power to review a state law determination that is sufficient to support the judgment." Id. "In the absence of [the procedural default doctrine] in federal habeas, habeas petitioners would be able to avoid the exhaustion doctrine by defaulting their federal claims in state court." Id., at 732.

As noted above, respondents contend that petitioner's claims were never properly exhausted in state court and petitioner can no longer bring these claims in state court, hence the claims are procedurally defaulted. In the event a petitioner brings claims which are procedurally defaulted, he is not entitled to federal habeas review unless he can show that his default should be excused. Such excuse is allowed only where the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Petitioner's first claim is that pretrial counsel was ineffective for coercing petitioner into entering a guilty plea with a promise of leniency when petitioner was not guilty. Petitioner presents this claim now as a claim of PCRA court error when the PCRA court did not find pretrial counsel (counsel on the plea) ineffective. After review of the claim, it is clear that petitioner is asserting a claim of pretrial counsel's ineffectiveness. Petitioner failed to raise a claim of pretrial counsel's ineffectiveness in petitioner's first PCRA petition. Petitioner raised the claim of ineffective assistance of pretrial counsel for the first time in the second PCRA petition. That second PCRA petition was denied based on an independent state procedural rule,

as the PCRA court found that petitioner had waived the claim the claim of ineffective assistance of pretrial counsel. The court determined that since petitioner could have raised the claim in his first PCRA petition, and failed to do so, the claim was waived and could not be raised in petitioner's second PCRA petition. The court explained that "an issue is waived if the petitioner could have raised it but failed to do so... in a prior state postconviction proceeding." 42 Pa. C.S.A. §9544(b). The PCRA court further noted that any issues that could have been raised would be waived, where as here, the initial petition was withdrawn and a new petition was filed. See Commonwealth v. Shaffer, 390 Pa. Super. 610, 569 A.2d 360 (1990).

Because the state court has declined to address petitioner's second habeas claim on the merits due to established independent and adequate state procedural rules, these claims are procedurally defaulted and habeas relief is unavailable, absent a showing of cause and prejudice or fundamental miscarriage of justice. Petitioner has not alleged a finding of cause and perjudice and/or miscarriage of justice sufficient to excuse the procedural default. Consequently petitioner's first claim is procedurally defaulted and dismissed without consideration on the merits.

II.   COGNIZABLE FEDERAL HABEAS CLAIM

Petitioner's second claim is not a cognizable claim in a federal habeas petition. Petitioner argues that the PCRA court erred when it dismissed petitioner's second PCRA petition stating petitioner's claims were waived. The PCRA court's finding of waiver was solely a matter of state law and thus cannot be heard in a federal habeas petition. 28 U.S.C. §2254(a); *see also* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding a federal court should not examine a state court's determination of state law), Pulley v. Harris, 465 U.S. 37, 41 (1984) (stating a writ

5

of habeas corpus may not issue for a perceived error of state law).

Furthermore, errors in a state's post conviction process are not recognized in a federal habeas petition. Hassine v. Zimmerman, 160 F.3d 941 (3d Cir. 1998.) "The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in petitioner's *collateral* proceeding does not enter into the habeas calculation...Federal habeas power is limited...to a determination of whether there has been an improper detention by virtue of the state court judgment." Id. at 954. Accordingly, petitioner's second claim is not a cognizable federal habeas claim and must be dismissed without consideration on the merits. Therefore, we must dismiss the habeas petition as to this claim and in its entirety.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this 27th day of May, 2008, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

_____
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE